Filed 10/6/25 EpicentRx v. Superior Court CA4/1
Opinion on remand from the Supreme Court

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EPICENTRx, INC. et al., | D081670 |
| Petitioners, | |
| v. | (Super. Ct. No. 37-2022-00015228) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent, | |
| EPIRx, L.P., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate challenging an order of the Superior Court of San Diego County, Timothy Taylor, Judge. Relief granted in part.

Brown Neri Smith Khan, Todd A. Boock, Jill Ray Glennon; O'Hagan Meyer, David Davidson, and Clint D. Robison for Petitioners EpicentRx, Inc.,

Tony Reid, Bryan Oronsky, Franck Brinkhaus, Scott Caroen, Meaghan Stirn, and Rajan Kumar.

Cooley, Shannon M. Eagan, Angela Dunning, and Rebecca Tarneja for Petitioners InterWest Partners VIII, L.P. and Khaled Nasr.

No appearance for Respondent.

Engstrom Lipscomb & Lack, Walter J. Lack, and Steven C. Shuman for Real Party in Interest EpiRx, L.P.

I

INTRODUCTION

EpicentRx, Inc. (the Company), its controlling shareholder, and several of its individual officers, employees, and affiliates (collectively, the defendants) were sued by one of the Company's minority shareholders, EpiRx, L.P. (the plaintiff), for breach of contract, fraudulent concealment, and other claims. The defendants moved to dismiss the case on the ground of forum non conveniens based on a mandatory forum selection clause in the Company's certificate of incorporation and bylaws, which designated the Delaware Court of Chancery as the exclusive forum to resolve several kinds of shareholder disputes. The trial court found the forum selection clause violated California public policy, declined to enforce it, and denied the motion to dismiss. It found the forum selection clause violated California public policy because the plaintiff would have a right to a jury trial for at least some of its claims if the case were tried in California, but not if the case were tried in the Delaware Court of Chancery, and the enforcement of the forum selection clause thus operated to deprive the plaintiff of its right to a civil jury trial.

2

The Company petitioned our court for a writ of mandate directing the trial court to vacate its order denying the motion to dismiss and enter a new order dismissing the lawsuit. We issued an order to show cause, but denied relief for the same reasons articulated by the trial court in its denial order. (*EpicentRx, Inc. v. Superior Court* (2023) 95 Cal.App.5th 890 (*EpicentRx I*).)

However, our decision was not the last word on the matter, as the Supreme Court thereafter granted review and reversed our judgment. (*EpicentRx, Inc. v. Superior Court* (2025) 18 Cal.5th 58 (*EpicentRx II*).) The Supreme Court observed that "California has a strong public policy, based on the California Constitution, in favor of the right to trial by jury." (*Id*. at p. 67.) However, the Court held, our state's "strong public policy protects the jury trial right in California courts, not elsewhere." (*Ibid*.) Therefore, "[a] forum selection clause is not unenforceable simply because it requires the parties to litigate in a jurisdiction that does not afford civil litigants the same right to trial by jury as litigants in California courts enjoy." (*Ibid*.)

Although the Supreme Court held that a forum selection clause's impact "on a party's jury trial right does not, itself, provide grounds to decline to enforce a forum selection clause," the court left unaddressed "whether California's strong public policy in favor of the right to a jury trial might be relevant, in combination with other factors, to the enforceability of a forum selection clause in other contexts or under other theories." (*EpicentRx II, supra*, 18 Cal.5th at pp. 68, 84.) It also did not reach the plaintiff's other arguments against enforcement of the specific forum selection clause at issue, "such as the manner of its adoption as part of the corporation's certificate of incorporation and bylaws." (*Id*. at p. 68.) The plaintiff presented these arguments to the trial court, but the court did not consider them due to its

finding that the lack of a jury trial right in the Delaware Chancery Court was dispositive.

In view of the Supreme Court's decision, we issue a writ of mandate vacating the trial court's order denying the defendants' motion to dismiss. However, because the plaintiff presented the trial court with additional arguments against enforcement of the forum selection clause, which the court never addressed, it would be improper for us to order that the court grant the defendants' motion to dismiss outright. Rather, we remand the matter so the trial court may address the plaintiff's unadjudicated arguments in the first instance.

## II

## BACKGROUND

The plaintiff filed the present lawsuit against the Company; its controlling shareholder, InterWest Partners, L.P.; and ten individuals related to both entities. In the operative complaint, the plaintiff alleged the Company was a biotechnology company engaged in clinical trials for cancer treatment medications. It alleged the Company was incorporated in Delaware and had its principal place of business in California. It alleged the controlling shareholder was a California partnership with its principal place of business in California, and nine of the ten individual defendants resided in California. Further, it alleged the conduct giving rise to the defendants' liability occurred primarily in San Diego County, California.

The operative complaint included the following substantive allegations. From mid-2016 to mid-2018, the plaintiff invested $5,000,000 in the Company in reliance on promises from the Company's officers that the Company would participate in an Initial Public Offering (IPO) that would yield the plaintiff a lucrative return on its investment. Unbeknownst to the

4

plaintiff, various individuals related to the Company and its controlling shareholder solicited and obtained money from putative investors, but failed to deliver any shares or ownership interests to the would-be investors and instead siphoned off the investments for personal use. This misconduct rendered the Company unable to participate in an IPO. The defendants also concealed the misappropriation of investor funds, made statements that were false or misleading in light of the misappropriation of funds, failed to maintain accurate books and records, and improperly blocked the plaintiff from accessing the Company's books and records.

Based on these averments, the plaintiff brought claims for fraudulent concealment, promissory fraud, breach of contract, breach of fiduciary duty, and violations of the Unfair Competition Law (Bus. & Prof. Code, § 17200, et seq.). The plaintiff requested rescission and repayment of its investment of $5,000,000, compensatory damages, punitive damages, and attorney's fees and costs. The plaintiff also demanded a jury trial on all claims to which the right to a jury trial attached.

The Company and several individual defendants moved to dismiss the lawsuit on the ground of forum non conveniens under Code of Civil Procedure section 418.10, subdivision (A)(2). They invoked a forum selection clause in the Company's certificate of incorporation, which designated the Delaware Court of Chancery as the exclusive forum for any stockholder "to bring: (i) any derivative action or proceeding brought on behalf of the Company, (ii) any action asserting a claim of breach of fiduciary duty owed … to the Company or the Company's stockholders, (iii) any action asserting a claim … arising pursuant to any provision of the [Delaware General Corporation Law] or the Company's certificate of incorporation or bylaws or (iv) any action …

5

governed by the internal affairs doctrine ...." The Company's controlling shareholder and a related defendant joined the motion to dismiss.[1]

The plaintiff opposed the motion to dismiss. It argued that its causes of action fell outside the scope of the forum selection clause, with the exception of the breach of fiduciary claim, which the plaintiff offered to dismiss if necessary to keep the litigation in California. The plaintiff also argued the forum selection clause was unfair and unreasonable, and should not be enforced, because: (1) the Company added the forum selection clause to its certificate of incorporation after the defendants' alleged misconduct came to light; (2) the plaintiff received no consideration for the amendment implementing the forum selection clause; and (3) the forum selection clause did not apply to claims alleged against some of the defendants.

The trial court issued a tentative ruling to deny the motion to dismiss, but on a different basis. It found the plaintiff would have a right to a jury trial for several of its claims if the case were tried in a California court, but not if the case were tried in the Delaware Court of Chancery. The court concluded that the forum selection clause therefore operated as an implied predispute waiver of the plaintiff's right to a civil jury trial. According to the court, this implied predispute jury trial waiver contravened California public policy and rendered the forum selection clause unenforceable.

The court permitted the parties to file supplemental briefs addressing whether the forum selection clause operated as an implied predispute jury trial waiver in violation of California public policy. In their supplemental brief, the defendants argued the forum selection clause did not operate as a

---

[1]    The forum selection clause in the Company's certificate of incorporation is broader than the analogous forum selection clause in the Company's bylaws. Thus, we focus our attention on the forum selection clause in the certificate of incorporation and refer to it using the singular noun, "clause."

jury trial waiver because the plaintiff's claims were primarily equitable and, therefore, the plaintiff would not be entitled to a jury trial if its claims were tried in a California court. The defendants also argued that Delaware law applied to the forum selection clause under the internal affairs doctrine and, under Delaware law, the forum selection clause was enforceable.[2] In its supplemental brief, the plaintiff disputed these arguments.

After a hearing, the trial court denied the motion to dismiss. It found the plaintiff would be entitled to a jury trial for at least some of its claims in a California court, but not in the Delaware Court of Chancery, and the forum selection clause thus operated as an implied predispute jury trial waiver. On this basis, the court found the forum selection clause violated California public policy, thereby rendering the forum selection clause unenforceable.

Several defendants petitioned our court for a writ of mandate directing the trial court to vacate its order denying their motion to dismiss and enter a new order granting the motion to dismiss. We issued an order to show cause why the relief should not be granted, but ultimately denied relief. (*EpicentRx I, supra*, 95 Cal.App.5th 890.)

Preliminarily, we held that California law governed the enforceability of the forum selection clause. (*EpicentRx I, supra*, 95 Cal.App.5th at pp. 897–899.) Then, we determined the defendants shouldered the burden of demonstrating that litigation of the plaintiff's claims in the Delaware Court of Chancery would " ' "not diminish in any way the substantive rights

---

[2] " 'Under the internal affairs doctrine, California courts recognize that the law of the state of incorporation applies to an action that concerns the "internal affairs" of corporations. [Citation.] "[I]nternal affairs" are "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders." ' " (*EpicentRx II, supra*, 18 Cal.5th at p. 70, fn. 2.)

7

afforded [to the plaintiff] ... under California law," ' " including its right to a civil jury trial. (*Id.* at pp. 899–904.) We concluded the defendants did not satisfy this burden. (*Id.* at p. 904.) We reasoned there was no dispute among the parties that the plaintiff would be entitled to a jury trial for some of its claims if the case were to proceed in California, the plaintiff would not be entitled to a jury trial if its claims were tried in the Delaware Court of Chancery, and the forum selection clause thus constituted an implied predispute jury trial waiver.[3] (*Id.* at pp. 905–906.) In our view, the forum selection clause threatened to diminish the plaintiff's right to a civil jury trial in violation of California public policy, and the defendants failed to demonstrate otherwise. (*Id.* at p. 905.) Therefore, we concluded the trial court correctly denied the defendants' motion to dismiss. (*Id.* at p. 908.)

Thereafter, the Supreme Court granted review and, as we will discuss, reversed the judgment of our court. (*EpicentRx II, supra*, 18 Cal.5th 58.)

III

DISCUSSION

A. *EpicentRx II*

In *EpicentRx II*, our Supreme Court began by setting forth the broad legal principles governing the forum non conveniens doctrine and forum selection clauses in general. (*EpicentRx II, supra*, 18 Cal.5th at pp. 72–74.) Quoting from our court's opinion in the writ proceeding, the Supreme Court stated that forum selection clauses " 'typically will be enforced, absent a showing that enforcement of the forum selection clause would be unfair or unreasonable. [Citations.] "This favorable treatment is attributed to our

---

3    As noted, the defendants argued to the trial court that the plaintiff would not be entitled to a jury trial for any of its claims if the case were tried in California. However, they did not raise this argument before our court.

8

law's devotion to the concept of one's free right to contract, and flows from the important practical effect such contractual rights have on commerce generally." ' [Citation.] [¶] One exception to this general rule of enforceability is grounded in public policy." (*Id.* at p. 74.)  Under the public policy exception, "a court may refuse to enforce a contractual forum selection clause on public policy grounds, just as it may refuse to enforce other contractual provisions that violate a fundamental public policy of California." (*Id.* at p. 75.)

However, the Supreme Court observed that courts are largely reluctant to invoke the public policy exception, which is reserved for cases where " 'the advantage to accrue to the public [from nonenforcement] is certain and substantial, not theoretical or problematical.' " (*EpicentRx II, supra*, 18 Cal.5th at p. 76.)  This reluctance is understandable considering "the importance of enforcing forum selection clauses." (*Id.* at p. 77.)  " 'The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." ' [Citation.]  'When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations.  A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.' " (*Id.* at p. 77.)

Turning to the specific public policy on which our court and the trial court relied to decline enforcement of the forum selection clause set forth in the Company's certificate of incorporation, the Supreme Court stated,

9

"California public policy supports the right to trial by jury where applicable. The right itself is guaranteed by the California Constitution: 'Trial by jury is an inviolate right and shall be secured to all.'" (*EpicentRx II, supra*, 18 Cal.5th at p. 78, quoting Cal. Const., art. I, § 16.) "It is also subject to waiver. In civil cases, 'a jury may be waived by the consent of the parties expressed as prescribed by statute.'" (*EpicentRx II,* at p. 78.) "The relevant statute confirms both the right and its waivability: 'The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate.'" (*Id.* at p. 79, quoting Code Civ. Proc., § 631, subd. (a).)

However, the Supreme Court explained that these provisions "concern the right to a jury trial in California courts, not elsewhere. 'They form part of a considered procedural scheme intended to create a balanced adversarial system and a fair system of public administration of justice.' [Citation.] They 'address a specific procedural question, i.e., which cases will be tried by jury in California courts. Those protected, by definition, are litigants in the California courts.' [Citation.] When litigation proceeds in another forum, 'the jury trial right the parties enjoy in our courts would not travel with them.' [Citation.] Instead, '[t]he basic rule is well settled that matters of procedure are governed by the law of the forum,' including the right to trial by jury. [Citation.] Thus, 'the law of the forum determines whether an issue of fact shall be tried by the court or by a jury.' [Citations.] The California Constitution and related statutory provisions do not reflect any public policy regarding the right to a civil jury trial in other forums." (*EpicentRx II, supra,* 18 Cal.5th at p. 79; see also *id.* at p. 67 [California's public policy "does not speak to the availability of the jury trial right in other forums"]; *id.* at p. 84 ["California has a strong public policy in favor of the right to a jury trial and

10

against predispute waivers of that right.  But California does not have a strong public policy against forum selection clauses or agreements to litigate in a jurisdiction that does not recognize the same civil jury trial right."].)  On this basis, the Supreme Court reversed our judgment.  (*Id.* at p. 84.)

In closing, the Supreme Court emphasized the limits of its decision. The court observed that its opinion addressed the specific issue of whether a court may "decline enforcement of [a] forum selection clause *on public policy grounds* based *solely* on the clause's impact on plaintiff's jury trial right." (*EpicentRx II, supra,* 18 Cal.5th at p. 84, italics added.)  It did "not consider whether California's strong public policy in favor of the right to a jury trial might be relevant, in combination with other factors, to the enforceability of a forum selection clause in other contexts or under other theories."  (*Ibid.*; see *id.* at p. 67 ["public policy is not the only ground on which a forum selection clause may be avoided, and we do not foreclose the possibility that the extent of a civil jury trial right in the selected forum may otherwise be relevant to the enforceability of a forum selection clause"]; *id.* at p. 78 ["Even where enforcement of a forum selection clause may effectively deprive a plaintiff of the right to trial by jury, this circumstance *alone* does not provide a basis to avoid its enforcement."], italics added.)

The Supreme Court also observed that the plaintiff "challenge[d] enforcement of the forum selection clause based on its manner of adoption as part of the [Company's] certificate of incorporation and bylaws.  Plaintiff argue[d] that the forum selection clause 'was not freely and voluntarily negotiated at arm's length' and is therefore unenforceable.  Plaintiff made this argument in the trial court, but the court did not consider it because it found the clause unenforceable for other reasons."  (*EpicentRx II, supra,* 18 Cal.5th at p. 85.)  In the writ proceedings before our court, the "Plaintiff's

11

return to the writ petition focused on its right to a jury trial, and it did not address the manner of the clause's adoption." (*Ibid.*)  Because neither our court nor the trial court considered the import, if any, of the manner by which the forum selection clause was adopted, the Supreme Court "decline[d] to do so in the first instance …." (*Ibid.*)  Rather, it reversed our court's judgment and remanded the matter for further proceedings.  (*Ibid.*)

B. *Remand Proceedings*

In light of *EpicentRx II*, it is evident we must grant the defendants' writ petition, at least to the extent the defendants request that we direct the trial court to vacate its order denying the defendants' motion to dismiss.

The question remaining is whether we must also instruct the trial court to enter a new order granting the defendants' motion to dismiss.  We decline to do so.  As the Supreme Court observed, the plaintiff challenged the enforceability of the forum selection clause on grounds that did not depend exclusively on the clause's impact on the plaintiff's right to a jury trial. (*EpicentRx II*, *supra*, 18 Cal.5th at p. 85.)  The trial court never reached those arguments given its ruling on the implied jury trial waiver issue.  The parties did not present our court with their respective positions on the plaintiff's arguments—not in the defendants' petition for writ of mandate, the plaintiff's return, or the defendants' reply.  Further, the parties did not file, or request permission to file, supplemental briefs on these or any other issues after the Supreme Court issued its remittitur in *EpicentRx II*.

Because no court has adjudicated the plaintiff's arguments relating to the manner by which the forum selection clause was adopted, we decline the defendants' request to instruct the trial court to enter a new order granting the defendants' motion to dismiss.  Instead, we remand the matter so the trial court may consider the plaintiff's arguments in the first instance.

IV

DISPOSITION

The petition for writ of mandate is granted in part. The trial court is directed to vacate its order denying the motion to dismiss and the matter is remanded for further proceedings on the motion to dismiss. Petitioners are awarded their appellate costs.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.